```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

ALDIN WINSLOWET-ALPS,            )
                                 )
          Petitioner,            )
                                 )
     v.                          )   C.A. No. 05-40015-FDS
                                 )
COMMONWEALTH OF MASSACHUSETTS,   )
                                 )
          Respondent.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this action without prejudice and denies as moot the petitioner's application to proceed in forma pauperis.

BACKGROUND

On January 26, 2005, petitioner Aldin Winslowet-Alps filed several documents, including an application to proceed in forma pauperis and a form petition for a writ of habeas corpus under 28 U.S.C. § 2254. At the time, Winslowet-Alps was in custody at the Worcester State Hospital. All of the documents Winslowet-Alps filed and the envelope in which Winslowet-Alps sent the documents are covered with non-sensical phrases and legal terms in English and French. One can deduce from the phrases that Winslowet-Alps objects to a criminal proceeding that occurred in the Pittsfield District Court and to the psychiatric treatment he was receiving at the time.

DISCUSSION

Under Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition,

and if it "plainly appears from the face of the motion ... that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b).[1]  Referring to Rule 4(b), the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

Here, Winslowet-Alps's petition is "legally insufficient on its face" because Winslowet-Alps has not articulated a basis on which the Court could grant habeas relief.  Although the Court construes pro se pleadings liberally, the disconnected and confusing nature of the phrases that fill the Winslowet-Alps's papers makes it impossible for the Court to discern the ground on which he challenges his current confinement or the relief that he seeks.  The Court therefore dismisses this action without prejudice.  Because Winslowet-Alps's petition is dismissed, the Court denies his application to proceed in forma pauperis as moot.

---

[1] To the extent that Winslowet-Alps's petition could be construed as a petition for habeas relief under 28 U.S.C. § 2241, the district court may apply the Rule 4(b) screening provision applicable to § 2254 petitions to § 2241 petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) to § 2241 petition).

CONCLUSION

Accordingly, for the reasons stated above, the Court orders that Winslowet-Alps's petition for habeas relief be dismissed, and that his application to proceed in forma pauperis be denied as moot.

SO ORDERED.

| 7/27/05 | /s/ F. Dennis Saylor IV |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |